An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ANTHONY NELSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61951

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a firearm, possession of a dangerous weapon on school property, battery constituting domestic violence, carrying a concealed firearm or other deadly weapon, and the unlawful taking of a vehicle. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Michael Anthony Nelson contends that the district court erred by denying his motion to represent himself because it did so solely because he lacked the requisite legal knowledge. A criminal defendant has the right to represent himself so long as the district court finds "that [he] is competent and that the waiver of counsel is knowing, voluntary, and intelligent." *Hymon v. State*, 121 Nev. 200, 212, 111 P.3d 1092, 1101 (2005). Here, on the day trial was set to begin, Nelson gave the district court notice that he wished to represent himself rather than proceed to trial with counsel. The district court conducted a canvass pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and denied

13-21436

Nelson's request because of his inability to articulate "the elements of the crime, how to pick a jury, [the] rules of evidence, how to go about questioning witnesses and objecting to things" and his lack of "the kind of experience necessary" to represent himself. The district court did not make a finding as to whether Nelson understood the risks of self-representation or whether his decision was knowing, voluntary, and intelligent. Although the district court's canvass regarding Nelson's legal knowledge was appropriate, its reliance upon his lack thereof as the basis to deny his request was not.[1] *Vanisi*, 117 Nev. at 341, 22 P.3d at 1172 ("[A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." (internal quotation marks omitted)); *Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996). Because the record makes clear that Nelson understood the risks of proceeding without counsel and chose to assume them, we conclude that the district court erred by denying his request on the stated grounds, *see Vanisi*, 117 Nev. at 341-42, 22 P.3d at 1172, and we

---

[1]Although the district court would have acted within its discretion had it denied Nelson's request as untimely, the record clearly indicates that it based its decision on Nelson's lack of legal knowledge.

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk